# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

JAMES KENNETH MIZE,

            Plaintiff,

vs.

UNITED STATES NAVY,

            Defendants.

2:14-cv-01127-APG-VCF

**ORDER AND**

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff *pro se* James Mize's handwritten Application to Proceed *In Forma Pauperis* (#1[1]) and petition for writ of mandamus (#1-1). For the reasons discussed below, Plaintiff's Application to Proceed *In Forma Pauperis* is granted and petition for writ of mandamus should be dismissed with prejudice.

Pursuant to 28 U.S.C. § 1915(a), a plaintiff may proceed *in forma pauperis* when payment of filing fees would prohibit that plaintiff from commencing a civil action or appealing a civil or criminal action. 28 U.S.C. § 1915(a)(4). Plaintiff James Mize claims that he is presently employed as the director of the "Nevada Test Site Area 51" and that the director's salary is classified. (#1 at 2). He states that he has been paid "over 30 Trillion Dollars by G.S.A. this year." (#1 at 2). He further claims that he was paid at least "1 zillion dollars this year . . . own[s] [half] of planetary banking and receive[s] 1 trillion dollars every other month." (#1 at 3). Additionally, he maintains that he receives $140,000 per month for "satellite rental" (#1 at 3) and that he owns a home in Virginia valued at $40 million (#1 at 4).

---

[1] Parenthetical citations refer to the court's docket.

He also states, however, that he is presently incarcerated at the Clark County Detention Center. (#1 at 9). His financial certificate indicates that his current prisoner account balance is $0 and that his average monthly balance is $2.60. (#1 at 10). Because he is an incarcerated *pro se* plaintiff, Mize is entitled to be held to "less stringent standards." *See Hughes v. Rowe*, 449 U.S. 5, 10 n. 7 (1980). The court finds that Mize's statements related to his employment and monetary holdings lack credibility and, therefore, will rely on his financial certificate and allow him to proceed *in forma pauperis*. Accordingly, Plaintiff's request to proceed *in forma pauperis* is granted.

When an application to proceed *in forma pauperis* is granted, the court must screen the underlying action to determine if it should be dismissed. *See* 28 U.S.C. § 1915(e)(2). Federal courts have the authority to dismiss the action if the action "is frivolous or malicious; . . . fails to state a claim on which relief may be granted; . . . or seeks monetary relief against a defendant who is immune from such relief." *Id*. If the complaint is dismissed under section 1915(e), the Plaintiff should be allowed to amend the complaint to cure its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

The Supreme Court has noted, "§ 1915(d)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is said to be frivolous when it "lacks an arguable basis either in law or in fact." *Id*. A claim lacks an arguable basis in fact "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Claims describing "fantastic or delusional scenarios," and "whose factual contentions are clearly baseless" should be dismissed. *Neitzke*, 409 U.S. at 328.

This is the case here. Mize makes a nearly incomprehensible series of allegations related to destruction of Mize's "neutron missiles" (#1-1 at 4); treason by N.A.T.O. members (*id*. at 6), Defense

Secretary Chuck Hagel (*id.* at 2), a former CIA director (*id.* at 6), and the President of the United States (*see id.* at 3); as well as the President's theft of H.I.V. treatments (*id.* at 3). These "fanciful factual allegations," *Nietzke*, 409 U.S. at 325, clearly support a finding of frivolity.

A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To avoid dismissal, the complaint must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Attached to Mize's *in forma pauperis* application, is a petition for writ of mandamus. (*See* #1-1). The extraordinary remedy of a writ of mandamus is used to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. A writ of mandamus is "intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer,* 466 U.S. 602, 616 (1984). The petitioner has the burden of showing that his right to a writ of mandamus is "clear and indisputable." *In re Cheney,* 406 F.3d 723, 729 (D.C. Cir. 2005) (citation omitted).

Mize's petition for writ of mandamus requests:

> [T]his court duly find and adjudge the issue tendered to you whether there is sufficient evidence to find the United States Navy in violation of [Mize's] order to launch thermonuclear weapons based upon the Due Process of Law Violation that was committed by the President, and the Secretary of Defense, that are a violation of the United States Constitution with thier [*sic*] treasonous associate Guido E. Almanac based upon the Evidence presented to the United States District Court herein . . ..

(#1-1 at 2). Mize further requests that the Court "contact and verify United States Navy receive [*sic*] this information and respond" and not contact the "Pentagon Due to Treason." (#1-1 at 7).  Finally, Mize orders "immediate launch on the targets (earlier identified as "Washington D.C., Baltimore City Md, Cape Canaveral Florida . . . Ely Nevada, Reno Nevada," and several others (*see id.* at 4)) by

submarines." (*Id.* at 5). The court should decline to issue such a writ. Mize has not met his burden of showing that he has a "clear and indisputable" right to the relief requested in the petition. *In re Cheney*, 406 F.3d at 729.

It is clear that no amendment to the complaint could cure the above deficiencies and, therefore, Plaintiff's petition for writ of mandamus should be dismissed with prejudice.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of Court file the complaint.

IT IS RECOMMENDED that Plaintiff's petition for writ of mandamus (#1-1) be DISMISSED WITH PREJUDICE.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** *See* LSR 2-2 (emphasis added).

DATED this 14th day of July, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE